**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

DARUS ZEHRBACH, d/b/a ZEHRBACH
and/or ZEHRBACH-LPE,

           Plaintiff,

v.                                  1:07CV35

                                    (Judge Keeley)

CON-WAY CENTRAL EXPRESS,
CCX and CON-WAY TRANSPORTATION
SERVICES, INC.,

           Defendants.

## ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

This case arises from a shipment of an airplane engine under a valid bill of lading from West Virginia to California. Plaintiff is suing for alleged damages to that engine. Plaintiff filed his complaint in the Circuit Court of Monongalia County on February 12, 2007. On March 13, 2007, defendants removed the case to this Court under federal question jurisdiction. On March 23, 2007, defendants filed their motion to dismiss this case. The Court notes that the plaintiff is proceeding pro se. The Court issued a Roseboro notice to the Plaintiff the same day. The plaintiff filed his response on April 17, 2007. Defendants filed their reply on April 25, 2007.

Defendants allege that this Court should dismiss with prejudice all of plaintiff's stated causes of action because (1) all such state law causes of action are completely preempted by the Carmack Amendment to the Interstate Commerce Act of 1887, 49 U.S.C. 14706 et seq. (the "Carmack Amendment"), and (2) plaintiff has

failed to file his lawsuit within the applicable statute of limitations.

In response, the plaintiff alleges that the defendants had notice of the damages within the statute of limitations and that notice should toll the statute of limitations. The plaintiff also alleges that this claim should be subject to West Virginia insurance law.

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the Court must take all well-pleaded material allegations as admitted, but conclusions of law and unwarranted deductions of fact are not admitted. A complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented." Mylan Laboratories, Inc. v. AKZO, N.V., 770 F. Supp. 1053, 1059 (D. Md. 1991). A complaint should not be dismissed unless it appears to a certainty that there is no set of facts which could be proved to support a claim or which would entitle the plaintiff to relief. 2A Moore's Federal Practice § 12.08 at 2271-74 (2d Ed. 1983).

In this case, the plaintiff has pled only state law causes of action. Plaintiff also does not dispute that the goods in question were shipped in interstate commerce pursuant to a valid bill of lading. The Supreme Court of the United States and the Fourth Circuit Court of Appeals have both held that the Carmack Amendment completely preempts all state law and common law for damages to

freight shipped in interstate commerce under a bill of lading. Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913); Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 705 (4th Cir. 1993). Therefore, all of plaintiff's asserted claims are preempted by the Carmack Amendment and must be dismissed with prejudice as it appears to a certainty that there is no set of facts which could be proved to support a claim or which would entitle the plaintiff to relief.

Furthermore, even if this Court were to construe plaintiff's complaint as asserting claims under the Carmack Amendment, this Court would still dismiss such claims with prejudice because the plaintiff failed to file those claims within the applicable statute of limitations. The United States Department of Transportation, acting under authority delegated from Congress, promulgated 49 C.F.R. Pt. 1035, App. B, § 2(b). This regulation establishes a two-step statute of limitations for Carmack Amendment claims. First, a claim must be filed in writing within nine months after delivery with the carrier. Second, any lawsuit must be filed within two years and one day of written notice by the carrier that the carrier is disallowing the claim. The regulation provides that "[w]here claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier shall be liable, and such claims will not be paid." Id.

**ZEHRBACH V. CON-WAY CENTRAL EXPRESS, ET AL.**                1:07CR35

**ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

In this case, it is undisputed that the plaintiff never filed a formal claim with the defendants. It is also undisputed that the plaintiff filed his lawsuit more than two years and one day after the defendants disallowed the plaintiff's informal claim. There is no provision of applicable law which would toll this statute of limitations under these circumstances. Therefore, had the plaintiff asserted Carmack Amendment claims, those claims would be dismissed with prejudice as untimely.

Therefore, defendants' motion to dismiss (doc. no. 5) is **GRANTED** and all of plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is ordered that this case be **STRICKEN** from this Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit certified copies of this Order to the pro se plaintiff and counsel of record.

DATED: September 25, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT COURT